UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN KINFORD,

         Plaintiff,

v.

CONNIE BISBEE, et al.,

         Defendants.

Case No. 2:19-cv-00689-APG-EJY

**SCREENING ORDER**

On March 27, 2020, I screened plaintiff Steven Kinford's civil rights complaint under 28 U.S.C. § 1915A. ECF No. 8. I dismissed Kinford's complaint in its entirety, with leave to amend. *Id.* at 7. Kinford has filed a first amended complaint ("FAC"). ECF No. 10. I now screens the FAC under 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF THE FAC

Kinford sues Connie Bisbee for events that took place while Kinford was in the custody of the Nevada Department Of Corrections and seeks injunctive relief. ECF No. 1-1 at 1, 5. The FAC alleges the following: Kinford was sentenced to a prison term of ten years to life. *Id.* at 2. He has been denied parole for three years because, he believes, of a "Static 99" assessment done prior to his parole hearing. *Id.* At his parole hearing, a parole board commissioner stated that Kinford looked "good for parole" until the Static 99 assessment was considered. *Id.* at 4.

Kinford argues that he has a liberty interest in parole because Nevada Revised Statute ("NRS") § 213.1078 requires a "risk and needs" assessment. *Id.* at 3. He argues that the Static 99 is not a proper risk and needs assessment and cannot measure an individual's risk to reoffend. *Id.* Finally, Kinford argues that because the Static 99 was not mentioned during his sentencing, conducting a Static 99 assessment as part of the parole process violates the Ex Post Facto Clause of the United States Constitution. *Id.* I construe the FAC as bringing a due process claim and an ex post facto claim.

**A. Due Process**

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). Nevada state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

Kinford fails to state a colorable due process claim based on the use of the Static 99 test. Under Nevada law, Kinford cannot establish a liberty interest in being granted parole. Further, to the extent that the parole board is misapplying Nevada law, that constitutes a mere error of

state law and cannot be the basis of a due process claim.[1]  As such, I dismiss Kinford's due process claim with prejudice, as amendment would be futile.

### B. Ex Post Facto

The United States Constitution prohibits states from enacting ex post facto laws.  U.S. Const. art. I, § 10, cl. 1.  Ex post facto laws retroactively increase the punishment for a crime after its commission. *Garner v. Jones*, 529 U.S. 244, 249 (2000).  Parole commission guidelines are not laws for the purposes of the ex post facto clause. *Smith v. U.S. Parole Comm'n*, 875 F.2d 1361, 1367 (9th Cir. 1988).  "Ex post facto concerns do not obtain where a regulation serves not as a binding constraint on the administrative decisionmaking process, but merely as a guide to the proper exercise of discretion." *Id.*

Kinford fails to state a colorable ex post facto claim.  He appears to argue that because the guidelines for granting parole were not delineated during his sentencing, it is an ex post facto violation to now apply them during his parole hearings.  Because parole commission guidelines are not laws for the purposes of the ex post facto clause, Kinford cannot state a colorable claim on this basis.  I thus dismiss Kinford's ex post facto claim with prejudice, as amendment would be futile.[2]

---

[1] Kinford appears to argue that the parole board is required to conduct a risk and needs assessment prior to his parole hearing, and that the Static 99 does not meet the definition of a risk and needs assessment.  For Kinford's benefit, I note that Nevada Revised Statutes § 213.1078 requires a risk and needs assessment for individuals who are actually granted parole to determine the level of supervision necessary for parolees.  The statute does not deal with the method of determining whether individuals should be granted parole.

[2] In my initial screening order, I informed Kinford that this action appeared to be an attempt to appeal a state court decision. ECF No. 8 at 5.  I informed Kinford that, under the *Rooker-Feldman* doctrine, I do not have jurisdiction to hear a *de facto* appeal from a state court decision. *Id.*  I also informed Kinford that if he filed an amended complaint, he must address whether he had previously brought these claims in state court. *Id.* at 6.  Kinford failed to address this issue in the FAC.  However, as the FAC does not state any colorable claims, I need not consider Kinford's failure to address whether he has previously litigated these claims in state court.

### III. CONCLUSION

I therefore order that Kinford's application to proceed *in forma pauperis* **(ECF No. 1) is denied as moot**.

I further order that the FAC (ECF No. 10) is the operative complaint. The Clerk of the Court will send Kinford a courtesy copy of the FAC.

I further order that the FAC **(ECF No. 10) is dismissed** with prejudice in its entirety for failure to state a claim.

I further certify that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

I further order the Clerk of the Court to close this case and enter judgment accordingly.

Dated:  May 26, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE